IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

BPS, A Minor and Disabled Person,
KATRINA L. STEWART, his Parent and Next Friend, and
JOHN P. STEWART, his Parent and Next Friend,

Plaintiffs,

v.

BOARD OF TRUSTEES FOR THE COLORADO SCHOOL FOR THE DEAF AND BLIND;
COLORADO SCHOOL FOR THE DEAF AND BLIND;
LOUIS TUTT, Individually and in his Official Capacity as Principal for the Colorado School for the Deaf and Blind; and
DOES 1-10, who are unknown persons;
Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

COME NOW Plaintiffs, BPS, a Minor and Disabled Person, KATRINA L. STEWART, his Parent and Next Friend, and JOHN P. STEWART, his Parent and Next Friend, by and through Counsel, and Complain against Defendants as follows.

### I. PARTIES

1.  Plaintiff BPS, a minor and disabled person, is a resident of El Paso County, Colorado, currently residing at 1865 Buck Road, Calhan, Colorado 80808. At all times material hereto, BPS was a student at Defendant Colorado School for the Deaf and Blind ("CSDB"), and had visual and other impairments that constitute disabilities under Federal and State Law.

1

2. Plaintiff Katrina L. Stewart, parent and next friend of Plaintiff BPS, is a resident of El Paso County, Colorado, currently residing at 1865 Buck Road, Calhan, Colorado 80808.

3. Plaintiff John P. Stewart, parent and next friend of Plaintiff BPS, is a resident of El Paso County, Colorado, currently residing at 1865 Buck Road, Calhan, Colorado 80808.

4. Defendant Colorado School for the Deaf and Blind ("CSDB") is a governmental entity, an educational institution of the State of Colorado, created by C.R.S. §22-80-102, located in the City of Colorado Springs, County of El Paso, that has for its object the education of the children of the state who, by reason of the impairment of their sense of hearing or of sight, cannot be advantageously educated in the other schools or educational institutions of the State.

5. Defendant Board of Trustees for the CSDB ("CSDB Board") is a governmental entity, created within the Colorado Department of Education ("CDE") by a "type 1 transfer" pursuant to C.R.S. §22-80-103(1)(a), with powers and duties to act for the CDE to govern and operate CSDB, including, but not limited to, acting as a public entity for purposes of the Colorado Governmental Immunity Act, under C.R.S. §22-80-103, promulgating rules to implement provisions of law related to operation of CSDB, training, mentoring and professional development of CSDB teachers, exercising complete jurisdiction over management of CSDB, and acting on behalf of the State of Colorado pursuant to statutory authorization.

6. Defendant Louis Tutt, at all times material hereto, was employed by Defendants as the Principal of CSDB, and was acting in both individual and official capacities as Principal of Defendant CSDB.

7. Defendants Does 1-10 are persons employed by CSDB, and others, identified in redacted police investigative reports concerning the conduct complained of herein, who were

or may have been a legal cause of the acts, injury, damages or loss complained of herein. Investigation of the knowledge and conduct of said Doe Defendants continues.

## II. JURISDICTION & VENUE

8. This Court has jurisdiction under 28 U.S.C. §1331. Claims for relief herein arise under (a) 42 U.S.C. §1983 and §1988, (b) Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681 et seq., (c) Title II of the Americans with Disabilities Act, 42 U.S.C. §12134, and (d) the Rehabilitation Act of 1973, including Section 504, 29 U.S.C. §§701, 705, 794, and 794a, as hereinafter more fully appears. Venue is proper in this District under 28 U.S.C. §1391(b), because the events or omissions giving rise to the claims herein occurred in this District.

9. Plaintiffs have complied with the jurisdictional requirements of C.R.S. §24-10-101 et seq. by serving a Notice of Claim on the Board of Trustees, Colorado School for the Deaf and Blind, and on the Attorney General of the State of Colorado, via Certified Mail, on January 20, 2012. Defendants have provided no Response to said Notice of Claim within 90 days of service.

## III. GENERAL ALLEGATIONS

10. All averments and allegations in the preceding paragraphs are incorporated herein by this reference with the same effect as if restated herein.

11. BPS is presently 12 years of age (DOB July 25, 2000), is visually impaired, and at all times material hereto has been a student at CSDB.

12. In February, 2010, while using a bathroom at CSDB, BPS was sexually assaulted by another CSDB student, CS, in the form of oral sex and digital anal penetration. BPS was not able to identify the assailant, because BPS is visually impaired and CS refused to speak. BPS

3

did not report the assault to his teachers because he feared he would be in trouble, but he did report the assault to his grandmother and his parents.

13. Upon learning of the sexual assault from BPS, BPS' father ("Mr. Stewart") contacted the CSDB Principal, Defendant Louis Tutt, in his capacity as Principal of CSDB. Mr. and Mrs. Stewart met with Principal Tutt, and was told by Principal Tutt that nothing could be done because the suspect had not been identified, but that Principal Tutt and CSDB staff would be more vigilant. Principal Tutt made no written report of the sexual assault of BPS.

14. On or about May 5, 2011, CS met with an employee of CSDB and confessed that he had sexually assaulted five (5) students of CSDB on CSDB grounds at various times on 2009, 2010, and 2011, including Plaintiff BPS. Barbara Meese, the current Principal of CSDB, reported this confession to the Colorado Department of Human Services, which contacted the Colorado Springs Police Department.

15. Ms. Meese also contacted Mr. Stewart, informed him that a CSDB student had confessed to several sexual acts, and that CSDB had identified his son – Plaintiff BPS – to be one of the victims. In her communication with Mr. Stewart, Ms. Meese informed Mr. Stewart that she had no knowledge of the February 2010 meeting between Mr. Stewart and former Principal Tutt, and that there was no written record of the February 2010 incident or meeting in CSDB records.

16. The Colorado Springs Police Department investigation commenced on or about May 18, 2011, and consisted, among other things, of interviews with the following personnel of CSDB:

    a. Carol Hilty, Superintendent,

      b.      John Vigne, Director of Special Education

      c.      Louis Tutt, former Principal

      d.      Jamie Lugo, Teacher

      e.      Tyrone Threats, Dorm Staff

      f.      Tim Elstad, Dorm Supervisor

      g.      Lori Hall, Dorm Staff

      h.      Barbara Meese, Current Principal

      i.      Ellen Trapp, School Counselor

17. In the course of the police investigation, Ms. Meese produced reports, from CSDB records, of sexual assaults by CS on victims other than Plaintiff BPS on October 7, 2009, November 19, 2009, and March 4, 2010.

18. In the course of the police investigation, it was discovered and revealed, among other things, that:

    a. there is "confusion" among CSDB personnel regarding the existence and meaning of CSDB policies and procedures governing the reporting of criminal or sexual acts by students;

    b. some staff consider criminal or sexual acts by students to be confidential and not subject to mandatory reporting;

    c. some staff consider it their duty to report criminal or sexual acts by students to their immediate supervisor;

    d. there are no clear policies or procedures between teaching staff and dormitory staff for communications or reporting of criminal or sexual acts by students;

e.  there are conflicting understandings as to the extent and type of training CSDB dorm and teaching staff receive concerning child abuse reporting;

f.  CSDB students caught having sex face suspension and, if the students are minors, police may be involved, depending on the severity, and whether repeated violations occur;

g.  if a crime is committed in a CSDB dorm, the program coordinator for the school would handle the situation and then share the information with the Coordinator of Student Life, who would gather information before calling the student's parents, the CSDB superintendent, and then the police;

h.  Defendant former Principal Tutt did not prepare an Incident Report or any other documentation concerning the sexual assault of Plaintiff BPS in February, 2010.

19.  Despite actual knowledge of several incidents of sexual abuse of students at CSDB by CS, and despite actual knowledge that other students at CSDB, including BPS, were at substantial risk of sexual assault by CS, Defendants, and each of them, failed to report such previous conduct and substantial risk to the parents of BPS, or to law enforcement authorities, and failed to adopt or implement policies and procedures to alleviate such risk or protect BPS or other students from such risk.

20.  On July 28, 2011, Defendant Principal Tutt was charged with Failure to Report Suspected Child Abuse, in violation of C.R.S. §19-3-304(1), a misdemeanor, in *People v. Tutt*, Case No. 2011 M 5231, El Paso County Court.

## IV.  FIRST CLAIM FOR RELIEF:

## VIOLATIONS OF 42 U.S.C. §1983

## BY DEFENDANT TUTT

21. All averments and allegations in the preceding paragraphs are incorporated herein by this reference with the same effect as if restated herein.

22. This is a civil action alleging a violation of the United States Constitution for which Plaintiff seeks redress under 42 U.S.C. § 1983.

23. BPS was and is a member of a limited and **specifically identifiable group** that has severe visual and other impairments and is therefore eligible for a specialized education at Defendant CSDB, a State school created for the **express special purpose** of educating deaf and blind children.

24. 42 U.S.C. § 1983 authorizes suits to redress deprivations of any rights, privileges, or immunities secured by the Constitution and laws. The Constitution, through the Fourteenth Amendment's substantive due process component, creates a substantive due process right to bodily security, and statutory rights to education, in students who have a **special relationship** with a State public school created for the express special purpose of educating students with special needs, including BPS.

25. At the time of the conduct specified herein, under **clearly established constitutional authority** of the U. S. Supreme Court and the Tenth Circuit, a Principal in the position of Defendant Tutt may be **individually liable under §1983** for failing to train subordinates or adopt or implement a policy to prevent sexual assault on a severely disabled child, like BPS, by a **private actor** like CS, under the well-established **"special relationship"** and **"danger creation"** doctrines.

26. Defendant Tutt acted **under color of state law** and his conduct deprived BPS of his federal rights, **abused Defendants' special relationship** with BPS, and **created a danger** to

7

BPS, by subjecting BPS to harm that would not have occurred in the absence of their conduct, and **violated clearly established statutory and constitutional rights.**

27. The conduct of Defendant Tutt, in his individual and official capacities, in failing to warn BPS's parents of a known risk of sexual assault by another student; failing to adopt or implement policies or procedures for reporting sexual abuse, supervising a known abuser, and protecting other students from reasonably foreseeable sexual abuse; and failing to properly train and supervise staff who worked with BPS and CS; constitute **reckless and conscious disregard** for the risk of sexual abuse of BPS by CS, **deliberate indifference** to BPS' constitutional right to bodily security, **created a danger** that would not have existed but for Defendant Tutt's conduct, and **shocks the conscience**.

28. The conduct of Defendant Tutt, in his individual and official capacities, placed BPS at **substantial and unreasonable risk of serious, immediate, and proximate harm**, consisting of sexual abuse by a known sexual predator who had unsupervised and unrestricted access to BPS due to Defendants' conduct.

29. The conduct of Defendant Tutt, in his individual and official capacities, constitutes **reckless or callous indifference** to the federally protected rights of BPS, and wanton and reckless disregard for the rights and safety of BPS, entitling him to exemplary or **punitive damages.**

30. As a direct and proximate result of Defendant Tutt's conduct, Plaintiffs have suffered and will continue to suffer economic and non-economic injuries and loss including physical, psychological and emotional injury, loss of earning capacity, impairment of quality of

life, pain, suffering, mental and emotional distress, loss of enjoyment of life, and other damages to be established at trial.

WHEREFORE, Plaintiffs pray for relief against Defendants in this claim for relief, as follows:

    a.    compensatory damages as determined by a jury;

    b.    punitive damages as determined by a jury;

    c.    reasonable attorney fees, expert witness fees, and costs pursuant to 42 U.S.C. § 1988;

    d.    such further legal and equitable relief as this Court deems just.

## V. SECOND CLAIM FOR RELIEF:

### VIOLATIONS OF 42 U.S.C. §1983

### BY DEFENDANTS CSDB AND CSDB BOARD

31. All averments and allegations in the preceding paragraphs are incorporated herein by this reference with the same effect as if restated herein.

32. At the time of the conduct specified herein, under **clearly established constitutional authority** of the U. S. Supreme Court and the Tenth Circuit, a government entity, such as the CSDB and CSDB Board, may be **liable under §1983** for having a **policy of deliberate indifference** to providing adequate training or guidance that is obviously necessary to adopt or implement a policy to prevent sexual assault on a severely disabled child, like BPS, by a **private actor** like CS, under the well-established **"special relationship"** and **"danger creation"** doctrines.

33. Defendants CSDB and CSDB Board acted **under color of state law** and their conduct deprived BPS of his federal rights, **abused Defendants' special relationship** with BPS,

9

and **created a danger** to BPS, by subjecting BPS to harm that would not have occurred in the absence of their conduct, and **violated clearly established statutory and constitutional rights.**

34.     Defendants' CSDB's and CSDB Board's **official policies of deliberate indifference** in not requiring reports of sexual abuse of students by other students, and not reporting same to parents or law enforcement, also constitute **reckless and conscious disregard** for the risk of sexual abuse of BPS by CS, **deliberate indifference** to BPS' constitutional right to bodily security, **created a danger** that would not have existed but for Defendants' official policies, and **shock the conscience.**

35.     The conduct and official policies of Defendants CSDB and CSDB Board, and each of them, placed BPS at **substantial and unreasonable risk of serious, immediate, and proximate harm**, consisting of sexual abuse by a known sexual predator who had unsupervised and unrestricted access to BPS due to Defendants' conduct.

36.     The conduct and official policies of Defendants CSDB and CSDB Board, and each of them, constitutes **reckless or callous indifference** to the federally protected rights of BPS, and wanton and reckless disregard for the rights and safety of BPS, entitling him to exemplary or **punitive damages.**

37.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer economic and non-economic injuries and loss including physical, psychological and emotional injury, loss of earning capacity, impairment of quality of life, pain, suffering, mental and emotional distress, loss of enjoyment of life, and other damages to be established at trial.

WHEREFORE, Plaintiffs pray for relief against Defendants CSDB and CSDB Board in this claim for relief, as follows:

    a.    compensatory damages as determined by a jury;

    b.    punitive damages as determined by a jury;

    c.    reasonable attorney fees, expert witness fees, and costs pursuant to 42 U.S.C. § 1988;

    d.    such further legal and equitable relief as this Court deems just.

## VI. THIRD CLAIM FOR RELIEF:

### SEXUAL HARASSMENT IN VIOLATION OF

### TITLE IX [20 U.S.C. §1681(a)]

38. All averments and allegations in the preceding paragraphs are incorporated herein by this reference with the same effect as if restated herein.

39. CSDB and the CSDB Board are recipients of federal funds within the meaning of 20 U.S.C. §1681(a).

40. A school recipient of federal funds may be liable under Title IX for its own conduct in being **deliberately indifferent to student-on-student sexual harassment**, if the school (1) has **actual knowledge** of (through either notice of prior complaints or notice of current harassment), and (2) is **deliberately indifferent** to (3) harassment that is so **severe, pervasive and objectively offensive** as to (4) deprive **equal access to the educational benefits** or opportunities provided by the school.

11

41. CSDB and CSDB Board had actual knowledge of repeated acts of sexual harassment of BPS by CS, based on both notice of prior complaints about CS having sexual contact with other students, and actual notice of specific sexual contact with BPS.

42. Neither CSDB nor CSDB Board made any effort whatsoever to put an end to the sexual harassment.

43. CSDB and CSDB Board had actual notice of both previous acts of sexual harassment by CS, and specific acts of sexual harassment of BPS. The response of CSDB and CSDB Board to same was clearly unreasonable and inadequate, and constituted deliberate indifference, and wanton and reckless disregard for the rights and safety of BPS, entitling him to exemplary or punitive damages.

44. CSDB and CSDB Board were deliberately indifferent to sexual harassment of BPS, with actual knowledge of same, and said harassment created a **hostile educational environment**, and was so severe, pervasive, and objectively offensive, and so undermined and detracted from BPS's educational experience, that BPS was effectively **denied equal access to educational resources and opportunities** provided by CSDB and CSDB Board.

45. CSDB's and CSDB Board's deliberate indifference to CS's persistent sexual advances toward BPS created an **intimidating, hostile, offensive and abusive school environment** that violated Title IX of the Education Amendments of 1972, which prohibits a student from being excluded from participation in, denied the benefits of, or being subjected to discrimination under any education program or activity receiving federal financial assistance.

46. At the time of the conduct specified herein, under **clearly established statutory and constitutional authority** of the U. S. Supreme Court and the Tenth Circuit, a government entity,

such as the CSDB and CSDB Board, may be **liable under Title IX** for having a **policy of deliberate indifference** to providing adequate training or guidance that is obviously necessary to adopt or implement a policy to prevent sexual assault on a severely disabled child, like BPS, that constitutes intentional sexual harassment and effectively **denied BPS equal access to educational resources and opportunities provided by CSDB and CSDB Board**, a recipient of federal funds under Title IX.

47. Said harassment occurred **under the operations of** CSDB and CSDB Board, under circumstances in which CSDB and CSDB Board exercised **substantial control over both CS and the context in which said harassment occurred**, and CS was under CSDB's and CSDB Board's disciplinary control.

48. The actions and omissions of Defendants violated Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 et seq.

WHEREFORE, Plaintiffs pray for relief against Defendants CSDB and CSDB Board in this claim for relief, as follows:

    a. compensatory damages as determined by a jury;

    b. punitive damages as determined by a jury;

    c. reasonable attorney fees, expert witness fees, and costs pursuant to 20 U.S.C. §1681 et seq. and 42 U.S.C. §1988;

    d. such further legal and equitable relief as this Court deems just.

### VII.  FOURTH CLAIM FOR RELIEF:

### SEXUALLY HOSTILE LEARNING ENVIRONMENT

### IN VIOLATION OF AMERICANS WITH DISABILITIES ACT

### and REHABILITATION ACT

49. All averments and allegations in the preceding paragraphs are incorporated herein by this reference with the same effect as if restated herein.

50. BPS' visual impairment is a disability under Federal and State law.

51. The errors and omissions of Defendants, and each of them, created and resulted in a **hostile educational environment** for BPS, a person with disabilities within the meaning of the Americans with Disabilities Act.

52. Sexual assault of BPS as a result of the Defendants' failures altered the conditions of his education, had substantial negative effects on the ability of BPS to receive an education, and created an **abusive educational environment**.

53. As a result of the foregoing, BPS has been **excluded from participation in and/or denied benefits of the services, programs or activities** of a public entity, or subjected to discrimination by a public entity, within the meaning of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12134 and the Rehabilitation Act of 1973, including Section 504, 29 U.S.C. § 701, 705, 794, and 794a.

54. BPS **was otherwise qualified** for benefits that were denied.

55. BPS was **denied benefits by reason of his disabilities and sexual harassment**.

56. The **ability of BPS to engage in a major life activity**, namely learning, was substantially limited because he is visually and otherwise impaired with a disability, and was sexually harassed.

57. The actions and omissions of Defendants violated the Rehabilitation Act of 1973, including Section 504, 29 U.S.C. § 701, 705, 794, and 794a.

58. The actions and omissions of Defendants violated the Americans with Disabilities Act, including Title II and 42 U.S.C. § 12101 et seq.

WHEREFORE, Plaintiffs pray for relief against Defendants in this claim for relief, as follows:

    a. compensatory damages as determined by a jury;

    b. punitive damages as determined by a jury;

    c. reasonable attorney fees, expert witness fees, and costs pursuant to 42 U.S.C. §12205 and 29 U.S.C. §794(a); and

    d. such further legal and equitable relief as this Court deems just.

## VIII. DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury.

Respectfully submitted this 9th day of October, 2012.

THE GASPER LAW GROUP

/s/Stephen A. Brunette
_____
Stephen A. Brunette
Kristopher Q. Miller
Matthew B. Drexler
128 S. Tejon Street, Suite 100
Colorado Springs, Colorado 80903
Phone: (719) 227-7779
Fax: (719) 329-0329
Email: stephen@gasperlaw.com;
matt@gasperlaw.com;
krismiller@gasperlaw.com
Attorneys for Plaintiffs