IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02664-RM-KLM

BPS, a Minor and Disabled Person
KATRINA L. STEWART, his Parent and Next Friend, and
JOHN P. STEWART, his Parent and Next Friend,

    Plaintiffs,

v.

BOARD OF TRUSTEES FOR COLORADO SCHOOL FOR THE DEAF AND BLIND,
COLORADO SCHOOL FOR THE DEAF AND BLIND,
LOUIS TUTT, Individually and in his Official Capacity as Principal for the Colorado School for the Deaf and Blind, and
DOES 1-10, who are unknown persons,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Louis Tutt's ("Tutt") **Motion for Protective Order and Renewed Motion to Stay All Discovery Proceedings Pending Adoption of Magistrate Judge's Recommendation** [Docket No. 73; Filed September 9, 2013] (the "Motion"). Defendant Tutt seeks a stay of all further discovery proceedings against him pending the District Court's adjudication of his Motion to Dismiss [#17] and of the related Recommendation of United States Magistrate Judge [#69]. The Motion to Dismiss raises the defense of qualified immunity and, if granted, would dispose of the Section 1983 claim against him. In the pending Recommendation, the undersigned recommended that Defendant Tutt's Motion to Dismiss be granted with respect to qualified

immunity. [#69] at 28. The Court also recommended that the Title II claim against Defendant Tutt be dismissed.[1] *Id.* at 41. On September 23, 2013, Plaintiffs filed a Motion for Leave to Amend Complaint [#83] in which they attempt to address some of the deficiencies identified by the undersigned in the original Complaint, including aspects of the pleading related to Defendant Tutt's defense of qualified immunity.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

---

[1] Plaintiffs' other claims (Claims Two and Three) were not brought against Defendant Tutt. *See Compl.* [#1] at 9-13.

Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citation omitted). Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens*, 516 U.S. at 308, 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending).

When exercising its discretion in evaluating a request for a stay of discovery, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Here, the factors weigh in favor of staying discovery as to Defendant Tutt.

With respect to the first factor, there is no indication that a stay would prejudice Plaintiff. The Court gives no weight to Plaintiffs' argument that they should be allowed limited discovery pending resolution of Defendant Tutt's claim of qualified immunity. *See Response* [#81] at 4. If Plaintiffs believed that discovery on that issue was necessary, they

should have sought it prior to full briefing on Defendant Tutt's Motion to Dismiss and the issuance of the undersigned's Recommendation thereon. Further, Plaintiffs note that Judge Jackson, the District Judge previously assigned to this case, denied Defendant Tutt's previous request to stay proceedings on the basis of qualified immunity. *Motion to Stay* [#18]; *Order* [#38] (denying the Motion to Stay by text entry). However, Judge Jackson's Order was issued prior to any analysis on the issue of qualified immunity. The undersigned has now examined this defense, found that the defense is meritorious, and recommended to the current District Judge, Judge Moore, that the Section 1983 claim against Defendant Tutt be dismissed on this basis. Thus, the Court finds that this factor weighs in favor of a stay of discovery.

With respect to the second factor, Defendant Tutt argues that if the District Judge finds that Defendant Tutt is protected by qualified immunity, he will unnecessarily suffer without a stay because qualified immunity is intended to protect a litigant from the burden of discovery. *See Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)). The Court agrees, and thus the second factor also favors entry of a stay.

With respect to the third factor, the Court can be inconvenienced by an ill-advised stay, as the resulting delay makes the Court's docket less predictable and, hence, less manageable. A stay may be particularly inconvenient for the Court when it is tied to a pending motion for which ultimate success is not guaranteed. *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010). Where a pending motion may dispose of an action, however, a stay of discovery may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed. *See id.* Thus, despite this District's general policy disfavoring a complete stay of

proceedings, a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action, or, as here, of all claims against a given defendant. *Id.* (quotation and citation omitted); *see also Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. April 6, 2007) (noting that a stay is appropriate where dispositive motion filed that might resolve entire case and "stay does not unduly prejudice the opposing party").

Here, the pending Motion to Dismiss may dispose of all claims against Defendant Tutt. The Court has already determined in its Recommendation that the claims against Defendant Tutt should be dismissed. Plaintiffs have filed a motion seeking to amend their Complaint to address some of the issues identified by the Court in its Recommendation. However, the Court will not prejudge the merits of that motion by deciding on that basis that discovery should move forward on all claims against Defendant Tutt in this case. At this stage, the Complaint [#1] is the live pleading in this matter and the undersigned has issued a Recommendation to the District Judge that the claims against Defendant Tutt should be dismissed. The Court takes no position as to the merits of the Motion to Amend. However, it is clear that should the pending dispositive motion be granted and the motion to amend fail, then this Court will have unnecessarily expended resources managing discovery against Defendant Tutt in the absence of a stay. *See Stone*, 2010 WL 148278, at *3. Thus, the third factor concerning the Court's interest in judicial economy weighs in favor of granting the stay.

With respect to the fourth factor, there is no indication that a stay would affect any nonparties to this lawsuit. Therefore, the Court finds that this factor is neutral.

Finally, although the public interest favors prompt resolution of lawsuits, which in

turn, favors denial of a stay, the public interest also favors conservation of resources by the Court and the parties. The Court finds that this factor weighs neither for nor against the entry of a stay in this matter.

Balancing the five factors here considered, the Court concludes that a stay of discovery is appropriate. The burden on Defendant Tutt of proceeding in discovery in this lawsuit while a potentially fully dispositive motion is pending outweighs Plaintiffs' interest in proceeding expeditiously with the case. Therefore, in light of the Court's Recommendation and its obligation to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings," the Court grants in part Defendant Tutt's Motion and enters a stay of discovery to the extent outlined below. *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *Stone*, 2012 WL 148278, at *4 (citation omitted). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#73] is **GRANTED in part**. Accordingly,

IT IS FURTHER **ORDERED** that this matter is **STAYED in part**, as follows: All discovery as to Defendant Tutt is stayed until further order of the Court.

All other relief requested in the Motion [#73] is **denied**.

DATED: September 26, 2013 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge