IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02664-RM-KLM

BPS, a Minor and Disabled Person
KATRINA L. STEWART, his Parent and Next Friend, and
JOHN P. STEWART, his Parent and Next Friend,

     Plaintiffs,

v.

BOARD OF TRUSTEES FOR COLORADO SCHOOL FOR THE DEAF AND BLIND,
COLORADO SCHOOL FOR THE DEAF AND BLIND,
LOUIS TUTT, Individually and in his Official Capacity as Principal for the Colorado School for the Deaf and Blind, and
DOES 1-10, who are unknown persons,

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **oral Motion to Compel Responses to Interrogatory Nos. 2 and 4 and Request for Production of Documents No. 9 to Defendant Board of Trustees for the Colorado School for the Deaf and Blind** ("Board of Trustees") (the "Motion"). The Court held a hearing on the Motion on September 23, 2013. For the reasons set forth below, the Motion is **granted in part and denied in part**.

**I. Background**

The facts of this case are set forth in detail in the Recommendation of United States Magistrate Judge [Docket No. 69; Filed August 21, 2013] and need not be repeated here. Plaintiffs seek information and documents relating to executive sessions of the Defendant

Board of Trustees held between the fall of 2009 and the spring of 2011. The Board of Trustees objects to providing the information sought in the interrogatories on the basis of the "executive session privilege" pursuant to state law (C.R.S. § 24-6-402(3)(a)), as well as the attorney-client privilege and the deliberative process privilege. The Board of Trustees objects to providing the documents sought in the Request for Production of Documents on the basis of federal law protection for educational records (20 U.S.C. §1232g(b)(1) and (2) and 34 C.F.R. § 99.31). *Defendant Board of Trustees for the Colorado School for the Deaf and Blind's Response to Plaintiffs' First Set of Interrogatories and Requests for Production*, attached as Exhibit A, at 5-7, 8-9, 15.

## II. Analysis

### A. The "Executive Session Privilege"

Plaintiffs assert claims against the Board of Trustees pursuant to 42 U.S.C. § 1983, Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.*, Title II of the Americans With Disabilities Act, 42 U.S.C. § 12134, and the Rehabilitation Act of 1973, including Section 504, 29 U.S.C. §§ 701, 705, 794 and 794a. When federal law governs the rule of decision, federal common law governs the existence of a privilege. *See Cutting v. United States*, No. 07-cv-02053-REB-MEH, 2008 WL 1775278, at *2 (D. Colo. Apr. 14, 2008).

This Court has previously held that the state "executive session privilege" does not apply in cases asserting federal claims. *Joyce v. North Metro Task Force,* No. 10-cv-00649-CMA-MJW, 2011 WL 1884618, at *3 (D. Colo. May 18, 2011). Moreover, "[f]ederal law has not recognized a specific privilege for records of executive sessions of State Boards, unless there is another recognized privilege involved, such as the attorney-client

privilege." *Id.* (citing *Sprague v. Thorm Americas, Inc.*, 129 F.3d 1355, 1369 (10th Cir. 1997)). Plaintiffs have not contested the applicability of the attorney-client privilege and the deliberative process privilege to the information sought in Interrogatory Nos. 2 and 4. Therefore, although the "executive session privilege" is inapplicable, information which is protected by the attorney-client privilege or the deliberative process privilege need not be provided in response to these Interrogatories. Accordingly, the Motion is **granted in part and denied in part** regarding Interrogatory Nos. 2 and 4.

**B.     Confidentiality of Educational Records Under Federal Law**

The Board of Trustees asserts that the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g(b)(1), and a regulation promulgated under the statute, 34 C.F.R. § 99.31, protect the confidentiality of records from its executive sessions and precludes their disclosure. Aside from a cryptic statement to that effect in the Board of Trustees' discovery responses, see Exh. A at 12, neither party has further addressed the issue, either in writing or during argument on the Motion.

FERPA has been described by the United States Supreme Court as prohibiting federal funding of educational institutions that have a policy or practice of releasing educational records to unauthorized persons. *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). In *Gonzaga,* the Court held that FERPA does not create a private right of action under 42 U.S.C. § 1983. In doing so, the Court "noted that the non-disclosure provisions are both directions to the Secretary of Education and commands to make no funds available to educational institutions that have in place the disfavored policy or practice." *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 784 (2d Cir. 2002). "The statute, and regulations

enacted pursuant thereto, however, permit the disclosure of personally identifiable information pursuant to a judicial order or subpoena so long as the parent or student is notified prior to compliance and given an opportunity to object or take corrective action." *Cherry v. Clark Cnty. Sch. Dist.,* No. 2:11-cv-01783-JCM-GWF, 2012 WL 4361101, at *5 (D. Nev. Sept. 21, 2012).

The statute is expressly limited to "the education records of a student," "the education records of . . . children," and "the education records maintained by the State educational agency on . . . children." 20 U.S.C. §1232g(1)(A) & (B). It defines "education records" to mean "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A). The definition of "education records" provided in the statute excludes "records of . . . administrative personnel and educational personnel ancillary thereto which are in the sole possession of the maker thereof and which are not accessible or revealed to any other person except a substitute . . . ." 20 U.S.C. §1232g(a)(4)(B)(i).

In addition, the regulations promulgated under the statute contain exceptions for disclosure of "personally identifiable information from an education record of a student without the consent required," under a variety of circumstances. "Personally identifiable information" is defined as including a student's name, parent's name, the student's or parent's address, social security number, or other information that would make the student's identity easily traceable. 34 C.F.R. § 99.3. The circumstances under which "personally identifiable information" may be disclosed include "if . . . the disclosure . . . is to a victim of an alleged perpetrator of a crime of violence or a non-forcible sex offense."

4

34 C.F.R. § 99.31(a)(13).

Finally, the Tenth Circuit Court of Appeals has construed FERPA to apply to "broad, routinized disclosures" of documents, but not to "a targeted, discrete, contemporaneous disclosure." *Jensen v. Reeves*, 3 Fed. App'x 905, at *4 (10th Cir. 2001).

Defendant's reliance on FERPA is not justified without further explanation of how documents relating to executive sessions of the Board of Trustees meet the plain statutory requirements of FERPA. Defendant fails to specify whether the documents fit the statutory definition of "education records," whether they contain "personally identifiable information," or why regulatory exceptions to disclosure are inapplicable. Defendant further fails to provide legal authority for the notion that FERPA precludes the type of targeted disclosure sought here, and the Court has found none.

In the absence of such information, the Court cannot find that Defendant has carried its burden of showing that the documents sought are not discoverable. *Null v. National Ass'n of Certified Home Inspectors*, No. 12-cv-00311-MSK-KLM, 2012 WL 5835371, at *2 (D. Colo. Nov. 16, 2012); *Kellar v. U.S. Dep't of Veteran Affairs*, No. 08-cv-00761-WYD-KLM, 2008 WL 4716893, at *1 (D. Colo. Oct. 22, 2008) (citing *Sonninno v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004)). Accordingly, the Motion is **granted** regarding Request for Production of Documents No. 9.

### III. Conclusion

For the reasons set forth above, the Motion is **granted in part and denied in part** as to Interrogatory Nos. 2 and 4 and **granted** as to Request for Production No. 9. Defendant School Board shall produce the requested information and documents **on or**

**before October 10, 2013.**

Dated: October 1, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge