IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02664-RM-KLM

BPS, a Minor and Disabled Person
KATRINA L. STEWART, his Parent and Next Friend, and
JOHN P. STEWART, his Parent and Next Friend,

    Plaintiffs,

v.

BOARD OF TRUSTEES FOR COLORADO SCHOOL FOR THE DEAF AND BLIND,
COLORADO SCHOOL FOR THE DEAF AND BLIND,
LOUIS TUTT, Individually and in his Official Capacity as Principal for the Colorado School for the Deaf and Blind, and
DOES 1-10, who are unknown persons,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the non-party Boulder County Department of Housing and Human Services's ("BCDHHS") **Motion to Quash Subpoena to Produce** [#107][1] (the "Motion").  On December 9, 2013, Plaintiffs filed a Response [#130] in opposition to the Motion.  On December 11, 2013, BCDHHS filed a Reply [#134].  On January 17, 2014, the Court held a telephonic discovery hearing on the Motion.  The Court has reviewed the pleadings and is fully advised in the premises.  For the reasons set forth below, the Motion [#107] is **granted in part and denied in part**, as follows.

---

[1] "[#107]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this order.

## I. Background

**A.     Factual Allegations**

The Court first briefly summarizes the allegations underlying this lawsuit as stated more fully in the pending Recommendation of United States Magistrate Judge, [#69] at 2-4. The events giving rise to the present action took place between 2009 and 2012 at the Colorado School for the Deaf and the Blind (the "School").  Plaintiff BPS is visually impaired, has severe learning disabilities, and at all times relevant to the present action was a minor and a student at the School.  Plaintiffs Katrina L. Stewart and John P. Stewart are Plaintiff BPS's parents and next friends.  Defendant Board of Trustees for the School (the "Board") is a governmental entity within the Colorado Department of Education.  Defendant Louis Tutt ("Tutt") was at all times relevant to the present action employed by the Board as the principal of the School.

Plaintiffs allege that in February 2010, another student, CS, sexually assaulted Plaintiff BPS while on School premises.  On or around May 5, 2011, CS met with a School employee and confessed that, at various times between 2009 and 2011, he had sexually assaulted five students while on School grounds.  One of the students who CS confessed to sexually assaulting was Plaintiff BPS.  Barbara Meese, the current principal of the School, reported CS's confession to the Colorado Department of Human Services ("CDHS").  CDHS then contacted the Colorado Springs Police Department ("CSPD"). CSPD's investigation indicated that Defendant Tutt did not prepare any incident reports or other documentation concerning CS's alleged sexual assault of Plaintiff BPS or any other student at the School.  Despite alleged knowledge of multiple incidents of sexual assault at the School and despite knowledge that students at the School faced a continuing threat

of sexual assault, Defendants failed to report any conduct or risk to Plaintiff BPS's parents or to law-enforcement authorities. Additionally, Defendants failed to adopt or implement policies and procedures to lessen the risk or to protect Plaintiff BPS and other students at the School from the risk.

**B.     The Subpoena**

On November 5, 2013, Plaintiffs issued a subpoena to BCDHHS. *Exhibit* [#159] at 5. The subpoena requests (1) copies of documents regarding incidents of abuse, assault, or inappropriate behavior involving CS from 2008 to 2010; (2) copies of documents regarding any incidents involving abuse, assault, or inappropriate behavior at the School within the last ten years; (3) copies of documents regarding any reports by employees or agents of the School relating to abuse, assault, or inappropriate behavior within the last ten years; (4) copies of documents regarding the failure of a teacher, employee, staff member, or other agent of the School to report incidents of abuse, assault, or inappropriate behavior within the last ten years; (5) copies of documents regarding all communications within the last ten years between BCDHHS and the School related to abuse, assault, or inappropriate behavior; (6) copies of documents regarding all communications within the last ten years between BCDHHS and any federal, state, or local agency or department relating to abuse, assault, or inappropriate behavior; (7) copies of documents regarding the failure of a teacher, employee, staff member, or other agent of the School to report incidents of abuse, assault, or inappropriate behavior within the last ten years. *See Exhibit* [#159] at 5.

BCDHHS moves to quash the subpoena on the grounds that "the records subpoenaed are protected due to confidentiality detailed in statutes, regulations, and case law." *Motion* [#103] at 1. In the alternative, BCDHHS seeks "an *in camera* review by the

Court of the Department's records" so the Court can determine which records should be released. *Id.* at 1-2. In the Motion, BCDHHS primarily relies on Colo. Rev. Stat. §§ 26-1-114 and 19-1-307. In their Response, Plaintiffs assert that state law privileges do not apply and that the subpoena is proper under both federal and state law. *See Response* [#130] at 6-13. In its Reply, BCDHHS reasserts that the requested information is privileged and that the information "must be subject to a protective order if disclosed." *See Reply* [#138] at 2.

On January 17, 2014, the Court held a telephonic discovery hearing on the Motion. At the conclusion of the hearing, the Court ordered that BCDHHS's Motion be held in abeyance, noting that the Court would issue a written order after conducting an *in camera* review of the documents provided by BCDHHS.

## II. Analysis

### A. Applicable Law

As an initial matter, discovery in this case is governed by the Federal Rules of Civil Procedure. *See Everitt v. Brezzel*, 750 F. Supp. 1063, 1065 (D. Colo. 1990) ("Discovery in the federal courts is governed by federal law as set forth in the Federal Rules of Civil Procedure, whether federal jurisdiction is based on the existence of a federal question or on diversity of citizenship."). Fed. R. Civ. P. 26(b) permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party" and discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Williams v. Bd. of Cnty. Comm'rs*, 192 F.R.D. 698, 702 (D. Kan. 2000) (request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a claim or defense).

Similarly, for the purposes of this action, the Court is only bound by state statutory privileges to the extent that these privileges are also permitted as a matter of federal law. *See Pearson v. Miller*, 211 F.3d 57, 62 (3d Cir. 2000). However, even when a state privilege is not permitted as a matter of federal law, the Court should "at least consider [state statutory] 'privilege,' as well as the confidentiality interests otherwise protected" by them. *Id.* at 69. In other words, if a state doctrine promoting confidentiality does not conflict with federal interests, it may be taken into account as a matter of comity. *Gottlieb v. Wiles*, 143 F.R.D. 235, 237 (D. Colo. 1992) (citations omitted); *see also United States v. King*, 73 F.R.D. 103, 105 (E.D.N.Y. 1976) ("A strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy."). Thus, while federal law governs claims of privilege in this case, as a matter of comity, the Court takes into account the relevant Colorado statutes that BCDHHS relies on in its Motion, specifically Colo. Rev. Stat. §§ 19-1-307 and 26-1-114.

**B.**   ***In Camera* Review**

The Court notes that Plaintiffs' pleadings include argument about a much narrower scope of document than those sought in the subpoena. The Subpoena issued to BCDHHS on November 7, 2013, is broad in scope and seeks not only documents regarding incidents of sexual abuse, but also documents regarding incidents of "physical assault, mental or emotional assaults or attacks, . . . institutional neglect or failure to supervise by teachers, staff, agents of [the School]." *See Exhibit* [#159-1] at 3-4. In their Response to the Motion, however, Plaintiffs describe the documents sought in narrower terms. For example, Plaintiffs assert that "the subpoena provides the only avenue for Plaintiffs to discover

incidents of sexual assault that [the School] knew about or should have known about when making decisions about admitting CS and monitoring his behavior . . . ." *Response* [#130] at 9; *see also id.* at 10 ("Plaintiffs have no other way to discover other incidents of sexual assault by CS while CS attended [the School] in light of [the School]'s history of failing to report or document sexual abuse at the school."); ("[T]he only way for Plaintiffs to uncover incidents of sexual abuse at [the School] that the school failed to document or report is through third-party discovery."). As such, the Court finds that Plaintiffs have voluntarily narrowed the scope of the subpoena. Accordingly, the Court has conducted the *in camera* review of the documents submitted pursuant to this narrower construction of the information sought.

As noted above, BCDHHS deposited a set of documents with the Court. The deposit contained a total of 640 numbered documents. Of those 640 numbered documents, the Court orders that the following documents be produced: ## 216–226, 239–244, and 472–480.[2] The remaining documents are not relevant, are duplicative of other documents already selected for production, or contain confidential and/or privileged material, and therefore are not to be produced to Plaintiffs. Of the documents selected for production, many contain information that must be redacted. The Court has highlighted this information and filed these documents on the docket at a Level 2 restriction so that only BCDHHS and the Court can view them. BCDHHS is ordered to redact the highlighted portions of the documents before producing them to Plaintiffs.

### III. Conclusion

---

[2] These page ranges are inclusive.

IT IS HEREBY **ORDERED** that BCDHHS's Motion [#107] is **GRANTED in part and DENIED in part**, as outlined above.  The Motion is denied as to all documents not ordered to be produced in this Order.

IT IS FURTHER ORDERED that on or before August 8, 2014, BCDHHS shall produce to Plaintiffs the documents responsive to Plaintiffs' subpoena, with redactions, as outlined above.

Dated:  July 29, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge