**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02664-RM-KLM

BPS, a Minor and Disabled Person,
KATRINA L. STEWART, his Parent and Next Friend, and
JOHN P. STEWART, his Parent and Next Friend,
MAP, a Disabled and Incompetent Person, and
CORINA S. SKINNER, his Guardian, Parent and Next Friend,

    Plaintiffs,

v.

BOARD OF TRUSTEES FOR COLORADO SCHOOL FOR THE DEAF AND BLIND, and
COLORADO SCHOOL FOR THE DEAF AND BLIND,

    Defendants.

---

## ORDER

---

    This consolidated matter is sua sponte before the Court. The Court previously denied (ECF No. 307) Defendant Board of Trustees for the Colorado School for the Deaf and Blind's ("Board") motion for summary judgment (ECF No. 254) on Plaintiffs BPS, Katrina L. Stewart ("K. Stewart"), and John P. Stewart ("J. Stewart"), MAP, and Corina S. Skinner's ("Skinner") Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681-1688, and Section 504 of the Rehabilitation Act ("Rehabilitation Act"), 29 U.S.C. § 794(a) claims.

    In moving for summary judgment as to these claims, the Board argued that it is not a recipient of federal financial assistance. (ECF No. 254 at 10 n.3.) The Board, in support of this argument, relied upon Superintendent Carol Hilty's affidavit. (ECF No. 290 ¶ 3 (citing ECF No. 256-3 at 2, Hilty Aff. ¶ 8).) The Court determined that the Board's reliance upon Hilty's affidavit was insufficient as her affidavit did not set forth facts demonstrating how she has

personal knowledge as to whether the Board receives federal funds (*see generally* ECF No. 256-3, Hilty Aff). *See Johnson v. Weld Cty., Colo.*, 594 F.3d 1201, 1210 (10th Cir. 2010) (citation omitted).  Therefore, the Court determined that a disputed material fact exists as to whether the Board *actually* receives federal financial assistance.

Plaintiffs, in opposition to the Board's argument, merely cited Section 22-80-103(4)(d) of the Colorado Revised Statutes which authorizes the Board to apply for and receive federal funds.  (ECF No. 290 ¶ 3.)  Plaintiffs did not set forth any facts that the Board actually receives federal financial assistance.

To the Court, it appears that Plaintiffs' Title IX and Rehabilitation Act claims against the Board may be disposed of with expediency if no actual, genuine factual dispute exists as to whether the Board receives federal financial assistance.  Therefore, the Court ORDERS:

(1) Defendant Board, if it chooses, to file on or before September 25, 2015, another motion for summary judgment limited to the issue as to whether it receives federal financial assistance with respect to Plaintiffs' Title IX and Rehabilitation Act claims; said motion shall comply with the Court's Civil Practice Standards with the exception that the brief in support of the motion shall not exceed five pages in length;

3

(2)   Plaintiffs may respond to Defendant Board's motion for summary judgment, if any, on or before October 2, 2015; said response shall comply with the Court's Civil Practice Standards with the exception that the brief in opposition to the motion shall not exceed five pages in length;

(3)   No reply brief in support of the motion for summary judgment, if any, is permitted.

Dated this 16th day of September, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge